THE W. W. KIMBALL COMPANY v. MATTIE RAW.

**No. 303.**

1. DURESS — *Renewal of Sale Note.*  R. purchased a piano of K. and executed a sale note for $230, a part of the price agreed to be paid in instalments of twelve dollars each month.  After nearly three years K. demanded payment of the balance due on the sale note, and threatened if the amount was not paid to take the piano under said sale note, unless R. would execute a new sale note for the balance claimed.  To prevent such taking and a sale thereunder, R. signed a renewal note and contract.  *Held*, That this did not constitute such duress as to avoid said renewal contract.

2. FRAUD — *Waived, When.*  Although the original contract may have been procured by falsely representing that the piano was worth a sum greatly in excess of its actual value, yet the renewal having been made with a knowledge of that fact, such fraud was waived and cannot now be used to defeat the enforcement of the renewal contract.

Error from Wyandotte district court; HENRY L. ALDEN, judge.  Opinion filed January 6, 1898.  Reversed.

*W. F. Schoch*, and *Charles C. Black*, for plaintiff in error.

*Scroggs & McFadden*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: This was an action originally brought in the district court of Wyandotte county by the plaintiff in error against the defendant in error, to recover the possession of a certain piano, under the provisions of a sale note given by the defendant to the plaintiff on September 12, 1892. In answer to the petition, the defendant set up, substantially, that the plaintiff through its agents and employees falsely and fraudulently represented the piano to be worth the sum of $430, the amount for which it was sold, when in truth and in fact the piano was only worth $200; that believing said statement to be true, the defendant, on the 21st day of November, 1889, purchased the piano for said sum of $430; that the contract sued on in this case was a renewal contract, made under duress and threats, when the defendant did not owe the amount thereof, and knew at the time that she was not indebted to plaintiff in said sum. To this answer the plaintiff filed a general denial, and upon the issues thus joined the case was tried to a jury which found for the defendant. This verdict was approved by the court and judgment rendered accordingly, and the case is brought here for review.

There is but one question that necessarily requires attention in this case, and that is, Was the jury authorized, under the pleadings and evidence, to find that the contract price of the piano sold was too high, and to fix a lower and different price thereon from that fixed by agreement of the parties. If they were

not, this case must be reversed, as there was no evidence introduced or offered tending to prove that the defendant ever paid the amount of the contract price agreed on. The evidence on the part of the defendant tended to show that the real value of the piano sold was only about $200, but as she states in her answer that she knew she was not indebted to plaintiff at the time of the execution of the renewal contract, she must be held to have waived the fraud, if any existed, and cannot now be permitted to insist thereon.

It is claimed that the renewal contract was procured by duress and is void in consequence, and the only remaining question is, Was there any duress plead or proved which would avoid the renewal contract? As a rule, there can be no duress in proposing to do what one has a legal right to do. In this case the only threat made was to take the instrument under the original contract. This the plaintiff had a legal right to do. '' Where a party theatens nothing which he has not a legal right to perform there is no duress.'' (6 Am. & Eng. Encyc. of Law, 71. See also *McCormick v. Dalton*, 53 Kan. 146, 35 Pac. Rep. 1113 ; *Silliman v. United States*, 101 U. S. 465 ; Anson on Contracts, 213.) In this case there was no evidence of any threat on the part of the plaintiff to do anything which it had not a legal right to do, and there could be no duress.

The pleadings and evidence in this case entitle the plaintiff to a verdict, and the court should have so instructed the jury.

The judgment of the district court will be reversed, and a new trial ordered.